IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEDRIC LYNN STRUGGS,

    Plaintiff,

  v.

MIKE EVANS, Warden, et al.,

    Defendants.

_____

No. C 11-02191 CW (PR)

ORDER OF SERVICE

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of his federal constitutional rights. His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## PROCEDURAL BACKGROUND

On March 18, 2008, Plaintiff filed in this court a civil rights action under 42 U.S.C. § 1983. See Struggs v. Evans, et al., Case No. C 08-1495 MMC (PR). In that action, Plaintiff claimed that, in connection with a June 11, 2006 cell search and extraction at SVSP, he was subjected to the use of excessive force, deliberate indifference to his serious medical needs and retaliation by SVSP Defendants Correctional Officers J. Rodriquez, R. Reynoso, T. Woolf and E. Camarena.

Additionally, Plaintiff raised claims related to a

disciplinary hearing held on December 2, 2006, regarding a rules violation for drug possession with which Plaintiff was charged in connection with the June 11, 2006 cell search.

By Order filed August 6, 2010, the Court granted Defendants' motion to dismiss as improperly joined the claims concerning Plaintiff's disciplinary hearing. In so doing, the Court granted Plaintiff leave to file a new and separate action raising such claims. When Plaintiff erroneously filed his new complaint as a second amended complaint in Case No. C 08-1495 MMC (PR), the Court ordered the complaint filed as a new and separate action.

Accordingly, the Court now reviews Plaintiff's claims in Struggs v. Hedgpeth, Case No. C 11-02191 CW (PR).

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

According to the allegations in the complaint, following a search of Plaintiff's cell in June 2006, Captain G. Ponder, a member of the SVSP classification committee, acted in retaliation for Plaintiff's having filed administrative grievances against prison officials and held Plaintiff in administrative segregation for sixty days pending an investigation into Plaintiff's participation in a conspiracy to introduce a controlled substance into the prison.

Thereafter, Plaintiff was charged with a serious rules violation for participating in such a conspiracy. Plaintiff requested an investigative employee to assist him with his defense to the charge. On July 22, 2006, R. Basso, an investigative employee, arrived to interview Plaintiff, but Plaintiff refused, telling Basso he had postponed his disciplinary hearing pending the results of the referral of charges against him to the District Attorney. Basso, in retaliation for Plaintiff's assertion of his right to postpone his hearing and prepare a defense, ignored Plaintiff's directions and proceeded to interview witnesses and prepare an investigative report.

On December 2, 2006, Plaintiff attended a hearing on the rules violation. Plaintiff informed the Senior Hearing Officer, Lt. E. Moore, that he would not proceed with the hearing because he objected to the use of the information in Basso's investigative report and he was still waiting for other evidence and to talk to

3

witnesses.  When Plaintiff attempted to leave the hearing, Moore told Plaintiff that if he didn't sit down he'd be pepper sprayed.  At that point, Plaintiff asked to return to his cell to get his legal papers.  After being granted permission to do so, Plaintiff returned to his cell and refused to leave.  Moore found Plaintiff guilty, in absentia, of possession of a controlled substance.

After Plaintiff was found guilty, Captain Ponder, again acting in retaliation for Plaintiff's having filed administrative grievances against prison officials, made the decision to hold Plaintiff in administrative segregation.  Additionally, Ponder recommended that Plaintiff be moved to the D-yard where, on November 25, 2007, Plaintiff was cut on his upper back by another inmate.

Based on the above allegations, the Court finds Plaintiff has stated cognizable claims for relief against Defendants Basso, Moore and Ponder for retaliation, in violation of the First Amendment, and for the denial of due process at Plaintiff's disciplinary hearing, in violation of the Fourteenth Amendment.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>SVSP Defendants R. Basso, E. Moore and G. Ponder</u>.

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this

4

Order to Plaintiff.

    2.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    3.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment

5

or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

6

United States District Court / For the Northern District of California

banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. Defendants shall file a reply brief no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address

and must comply with the Court's orders in a timely fashion.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 10/7/2011

*Claudia Wilken*
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CEDRIC LYNN STRUGGS,

        Plaintiff,

v.

A. HEDGPETH et al,

        Defendant.

Case Number: CV11-02191 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cedric Lynn Struggs
Salinas Valley State Prison
C-28615
P.O. Box 1050
D7-130
Soledad, CA 93960-1050

Dated: October 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk