**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CEDRIC LYNN STRUGGS,

        Plaintiff,

     vs.

A. HEDGPETH, et al.,

        Defendants.

_____/

No. C 11-02191 YGR (PR)

**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE; VACATING OCTOBER 7, 2011 ORDER OF SERVICE; DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL; AND DENYING REMAINING MOTIONS AS MOOT**

(Docket Nos. 15, 24, 25, 42, 43)

On March 18, 2008, Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed in this Court a prior civil rights action under 42 U.S.C. § 1983. *See Struggs v. Evans, et al.*, Case No. C 08-1495 MMC (PR). In that action, Plaintiff claimed that, in connection with a June 11, 2006 cell search and extraction at SVSP, he was subjected to the use of excessive force, deliberate indifference to his serious medical needs and retaliation by Defendants SVSP Correctional Officers J. Rodriquez, R. Reynoso, T. Woolf, and E. Camarena. Additionally, Plaintiff raised claims against Defendants SVSP Investigative Employee R. Basso, SVSP Lieutenant E. Moore, and SVSP Captain G. Ponder related to a disciplinary hearing held on December 2, 2006, regarding a rules violation for drug possession with which Plaintiff was charged in connection with the June 11, 2006 cell search.

In an Order dated August 6, 2010 in Case No. C 08-1495 MMC (PR), the Honorable Maxine M. Chesney granted Defendants' motion to dismiss the claims as improperly joined because they involved separate groups of defendants and arose from two distinct events -- the June 11, 2006 cell search and the December 2, 2006 disciplinary hearing. Judge Chesney granted Plaintiff leave to file a new and separate action raising the claims concerning the June 11, 2006 cell search. When Plaintiff erroneously filed his new complaint as a second amended complaint in Case No. C 08-1495 MMC (PR), Judge Chesney ordered the complaint filed as a new and separate action.

This action was opened when the Clerk of the Court filed the second amended complaint from Case No. C 08-1495 MMC (PR) as the complaint in a new action -- the present action -- *Struggs v. Hedgpeth*, Case No. C 11-02191 YGR (PR).

1    In an Order of Service dated October 7, 2011, the Honorable Claudia Wilken, who handled

2    this action prior to reassigning it to the undersigned judge, screened the complaint and served

3    Defendants.

4    Before the Court is Defendants' motion to dismiss, in which they raise *res judicata* under

5    Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has filed his opposition, and Defendants have

6    filed their reply.

7    Also before the Court are: (1) Defendants' request for judicial notice of the docket entries and

8    pleadings from Plaintiff's prior case, Case No. C 08-1495 MMC (PR); (2) their Request for

9    Supplemental Briefing in Order to Comply With New Ninth Circuit Notice Requirements;

10   (3) Plaintiff's "Motion for Correction of Defendants['] Error"[1]; and (4) his second motion for

11   appointment of counsel.

12   For the reasons outlined below, Defendants' request for judicial notice is GRANTED, the

13   Court's October 7, 2011 Order of Service is VACATED, Plaintiff's second motion for appointment

14   of counsel is DENIED; and the remaining pending motions, including Defendants' motion to

15   dismiss, are DENIED as moot.

16                                    **DISCUSSION**

17   **I.      Judicial Notice**

18   Defendants' request for judicial notice of the docket entries and pleadings from Case No.

19   C 08-1495 MMC (PR) is GRANTED.  The Court also takes judicial notice of the Order granting

20   Defendants' motion for summary judgment and the Judgment in that prior case -- Docket Nos. 75

21   and 76 in Case No. C 08-1495 MMC (PR).  *See* Fed. R. Evid. 201(b)(2) & (f); *Commodity Futures

22   Trading Comm'n v. Co Petro Marketing Group, Inc.,* 680 F.2d 573, 584 (9th Cir. 1982) (court may

23   take judicial notice of plaintiff's prior complaints and orders dismissing them).

24   **II.     Defendants' Motion to Dismiss**

25   As mentioned above, Defendants raise *res judicata* in their motion to dismiss under Rule

26

27   _____

       [1] In his "Motion for Correction of Defendants['] Error," Plaintiff claims that he received the
28   Court's October 7, 2011 Order of Service and wanted to alert the Court that "part of Capt. G.
       Ponder['s] retaliation are misplaced with Lt. E. Moore."  (Pl.'s Mot. to Correct Defs.' Error at 1.)  He
       asks the Court "to allow [him] this opportunity to correct this violation at this time."  (*Id.*)

United States District Court
For the Northern District of California

12(b)(6).  Although ordinarily affirmative defenses may not be raised by motion to dismiss, it is permissible to do so if, as here, the defense involves no disputed issues of fact.  *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

In non-diversity cases, federal courts apply federal law to determine the preclusive effect of prior federal court judgments.  *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 324 n.12 (1971).  The doctrine of *res judicata,* or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.  *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine prohibits the re-litigation of any claims that were raised or could have been raised in a prior action.  *W. Radio Servs. Co., Inc. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997).  It is irrelevant whether the new claims that the plaintiff seeks to pursue now were actually pursued in the action that led to the judgment; rather, the question is whether they could have been brought in the previous case.  *Tahoe-Sierra Pres. Council,* 322 F.3d at 1078.

In its April 28, 2011 Order in Case No. C 08-1495 MMC (PR), the Court gave the following background information:

> Plaintiff's FAC raised claims against eleven defendants, which claims were based on a search of plaintiff's cell in June 2006, and a disciplinary hearing held on December 2, 2006.  Upon review of the FAC, the Court found plaintiff's allegations stated cognizable claims for relief and ordered the FAC served on defendants.  As noted, the Court subsequently granted defendants' motion to dismiss the FAC on the ground the claims and defendants were not properly joined.

> In granting plaintiff leave to file an SAC, the Court directed plaintiff to file either (1) a complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more claims against multiple defendants, but only if those defendants could be properly joined under Rule 20(a)(2).  (Order, filed Aug. 6, 2010, at 5:6-10.)  The Court further informed plaintiff that he could, if he so chose, file a new and separate action raising the claims that he did not include in the SAC.  (*Id.* at 5:10-12.)

> Plaintiff has complied with the Court's order by submitting for filing two SACs.  Plaintiff's first SAC was received and filed by the Clerk of the Court on October 5, 2010 (Docket No. 57) (hereafter "October 5 SAC"), and contains claims arising from the above referenced disciplinary hearing.  Plaintiff's second SAC was received on October 6, 2010, but has not been filed; the second SAC contains claims concerning the above-referenced search of plaintiff's cell.  In view of plaintiff's pro se status, the Court liberally construes the earlier-received SAC, i.e., the October 5 SAC, as the operative SAC herein, and construes the later-received SAC as plaintiff's attempt to file a new and separate action as directed in the Court's prior order.  Accordingly, the Court will review the merits of the former (Docket

3

**United States District Court**
For the Northern District of California

1   No. 57) in the instant action, and will direct the Clerk of the Court to file the latter
    as a new action.

2

3   (Apr. 28, 2011 Order in Case No. C 08-1495 MMC (PR) at 2.)

4       In their motion to dismiss, Defendants argue as follows:

5           Plaintiff's present complaint is functionally identical to the operative
            complaint in another case in this court (case no. CV 08-1495 MMC).  The

6           complaints from the two cases contain the same claims and factual allegations and
            are exactly identical except for the redaction of the two words "Second Amended"
            from the caption for the present complaint.  Furthermore, the court terminated the

7           claims in case no. CV 08-1495 MMC on summary judgment.

8   (Mot. to Dismiss at 2-3.)  Thus, Defendants argue that the principle of *res judicata* requires the

9   dismissal of Plaintiff's present complaint.  (*Id.* at 4-5.)

10      The Court has reviewed the complaint filed in the present case (Docket No. 1) and the

11  operative complaint in his prior case (Docket No. 57 in Case No. C 08-1495 MMC (PR)).  Upon

12  close inspection, the Court agrees with Respondent that the two documents are identical except for

13  the fact that the words "Second Amended" have been redacted in the complaint in the present case.

14  It seems that the complaint filed in the present case was the October 5 SAC, and not the second SAC

15  that was received on October 6, 2010, pursuant to the April 28, 2011 Order in Case No. C 08-1495

16  MMC (PR).  The Court had directed the Clerk to file the second SAC, which contained claims

17  concerning the June 11, 2006 cell search, in a new action.  (Apr. 28, 2011 in Case No. C 08-1495

18  MMC (PR) at 2.)  However, the Oct 5 SAC (Docket No. 57 in Case No. C 08-1495 MMC (PR)) --

19  relating to claims arising from the December 2, 2006 disciplinary hearing -- was incorrectly filed in

20  the present case (Docket No. 1).  This error has led to Judge Wilken screening the incorrect

21  complaint in the October 7, 2011 Order of Service and serving it on Defendants, who in turn have

22  filed the instant motion to dismiss.  The Court notes that the parties did not raise this issue in any of

23  their briefs.

24      Because the Court has determined that the aforementioned error has been made in the instant

25  action, the October 7, 2011 Order is VACATED, and the following motions are DENIED as moot

26  because they stem from the issuance of the October 7, 2011 Order: (1) Defendants' motion to

27  dismiss; (2) their request for supplemental briefing; and (3) Plaintiff's "Motion for Correction of

28  Defendants['] Error."  The Court will address how to correct this error in a separate written Order.

4

United States District Court
For the Northern District of California

**III.    Plaintiff's Second Motion for Appointment of Counsel**

Also before the Court is Plaintiff's second motion for appointment of counsel to represent him in this action.  The Court previously denied Plaintiff's first motion for appointment of counsel. (Mar. 23, 2012 Order at 1.)  For the same reasons, Plaintiff's second motion for the appointment of counsel (Docket No. 43) is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Defendants' request for judicial notice of the docket entries and pleadings from Case No. C 08-1495 MMC (PR) is GRANTED.  (Docket No. 25.)

2.    The October 7, 2011 Order of Service is VACATED.  (Docket No. 8.)

3.    The following motions are DENIED as moot because they stem from the issuance of the October 7, 2011 Order of Service screening the incorrect complaint: (1) Defendants' motion to dismiss (Docket No. 24); (2) their request for supplemental briefing (Docket No. 42); and (3) Plaintiff's "Motion for Correction of Defendants['] Error" (Docket No. 15).  The Court will address how to correct the error outlined above in a separate written Order.

4.    Plaintiff's second motion for appointment of counsel is DENIED.  (Docket No. 43.)

5.    This Order terminates Docket Nos. 15, 24, 25, 42, and 43.

IT IS SO ORDERED.

DATED:    September 28, 2012

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**