IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC LYNN STRUGGS,<br><br>        Plaintiff,<br><br>   vs.<br><br>A. HEDGPETH, et al.,<br><br>        Defendants. | No. C 11-02191 YGR (PR)<br><br>**INSTRUCTIONS TO CLERK; AND SECOND ORDER OF SERVICE** |

## BACKGROUND

The following background is taken from the Court's September 28, 2012 Order issued in the present case:

> On March 18, 2008, Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), filed in this Court a prior civil rights action under 42 U.S.C. § 1983. *See Struggs v. Evans, et al.*, Case No. C 08-1495 MMC (PR). In that action, Plaintiff claimed that, in connection with a June 11, 2006 cell search and extraction at SVSP, he was subjected to the use of excessive force, deliberate indifference to his serious medical needs and retaliation by Defendants SVSP Correctional Officers J. Rodriquez, R. Reynoso, T. Woolf, and E. Camarena.[1] Additionally, Plaintiff raised claims against Defendants SVSP Investigative Employee R. Basso, SVSP Lieutenant E. Moore, and SVSP Captain G. Ponder related to a disciplinary hearing held on December 2, 2006, regarding a rules violation for drug possession with which Plaintiff was charged in connection with the June 11, 2006 cell search.
>
> In an Order dated August 6, 2010 in Case No. C 08-1495 MMC (PR), the Honorable Maxine M. Chesney granted Defendants' motion to dismiss the claims as improperly joined because they involved separate groups of defendants and arose from two distinct events -- the June 11, 2006 cell search and the December 2, 2006 disciplinary hearing. Judge Chesney granted Plaintiff leave to file a new and separate action raising the claims concerning the June 11, 2006 cell search. When Plaintiff erroneously filed his new complaint as a second amended complaint in Case No. C 08-1495 MMC (PR), Judge Chesney ordered the complaint filed as a new and separate action.
>
> This action was opened when the Clerk of the Court filed the second amended complaint from Case No. C 08-1495 MMC (PR) as the complaint in a new action -- the present action -- *Struggs v. Hedgpeth*, Case No. C 11-02191 YGR (PR).

---

[1] The Court notes that two Defendants' names were misspelled in prior orders, the correct spellings of these Defendants' names are "Woolf" and "Nilsson" (who will be mentioned later in this Order). The Court finds it unnecessary to indicate where these Defendants' names were misspelled in prior orders; however, it will use the correct spelling of their names in this Order and any future Orders.

In an Order of Service dated October 7, 2011, the Honorable Claudia Wilken, who handled this action prior to reassigning it to the undersigned judge, screened the complaint and served Defendants.

(Sept. 28, 2012 Order at 1-2.)

Only Defendants Basso, Moore, and Ponder have been served in the present case. These Defendants then filed a motion to dismiss in the present case, in which they raised *res judicata* under Federal Rule of Civil Procedure 12(b)(6) and argued as follows:

> Plaintiff's present complaint is functionally identical to the operative complaint in another case in this court (case no. CV 08-1495 MMC). The complaints from the two cases contain the same claims and factual allegations and are exactly identical except for the redaction of the two words "Second Amended" from the caption for the present complaint. Furthermore, the court terminated the claims in case no. CV 08-1495 MMC on summary judgment.

(Mot. to Dismiss at 2-3.) Thus, Defendants argued that the principle of *res judicata* required the dismissal of Plaintiff's complaint in the present case. (*Id.* at 4-5.)

In its September 28, 2012 Order, the undersigned judge determined that the wrong Second Amended Complaint ("SAC") was filed as a new action and, thus, Judge Wilken had screened the wrong SAC in her October 7, 2011 Order of Service:

> The Court has reviewed the complaint filed in the present case (Docket No. 1) and the operative complaint in his prior case (Docket No. 57 in Case No. C 08-1495 MMC (PR)). Upon close inspection, the Court agrees with Respondent that the two documents are identical except for the fact that the words "Second Amended" have been redacted in the complaint in the present case. It seems that the complaint filed in the present case was the October 5 SAC, and not the second SAC that was received on October 6, 2010, pursuant to the April 28, 2011 Order in Case No. C 08-1495 MMC (PR). The Court had directed the Clerk to file the second SAC, which contained claims concerning the June 11, 2006 cell search, in a new action. (Apr. 28, 2011 in Case No. C 08-1495 MMC (PR) at 2.) However, the Oct 5 SAC (Docket No. 57 in Case No. C 08-1495 MMC (PR)) -- relating to claims arising from the December 2, 2006 disciplinary hearing -- was incorrectly filed in the present case (Docket No. 1). This error has led to Judge Wilken screening the incorrect complaint in the October 7, 2011 Order of Service and serving it on Defendants, who in turn have filed the instant motion to dismiss. The Court notes that the parties did not raise this issue in any of their briefs.

(Sept. 28, 2012 Order at 4.) Because the Court had determined that an error had been made in the present action, it vacated the October 7, 2011 Order of Service, and denied certain motions as moot because they stemmed from the issuance of the October 7, 2011 Order, including Defendants' motion to dismiss. The Court will now address how to correct this error. For the reasons discussed below, the Court shall issue this Second Order of Service by using the First Amended Complaint

2

("FAC") in Case No. C 08-1495 MMC (PR) -- the only available source of the claims that should have been included in the missing October 6 SAC.[2]  Therefore, the Clerk of the Court is directed to file in the present case the FAC in Case No. C 08-1495 MMC (PR) (Docket No. 16 in Case No. C 08-1495 MMC (PR)) and that FAC will now be the operative complaint in this action.

## DISCUSSION

On December 23, 2008, Plaintiff filed a 158-page FAC in Case No. C 08-1495 MMC (PR), which was reviewed by Judge Chesney in her June 16, 2009 Order of Service.  Because certain claims in the FAC were previously reviewed and found to be cognizable by Judge Chesney, the Court will include the following background below in order to isolate the relevant cognizable claims that should have been filed in the present case as part of the October 6 SAC.

**I.    Review of FAC in Case No. C 08-1495 MMC (PR)**

1. Allegations

In the FAC, plaintiff makes the following allegations with respect to events that occurred at SVSP in 2006 and 2007.

On June 11, 2006, Sgt. M. Nillsson, in retaliation for plaintiff's having previously filed an administrative grievance, ordered that plaintiff's cell be searched.  Lt. J. Stevenson and Correctional Officer ("C/O") T. Sheets conspired with Sgt. Nillsson to plan the search, and also participated in the search.  During the search, plaintiff was forcibly removed from his cell after being sprayed with pepper spray by C/Os J. Rodriquez, R. Reynoso, T. Woolf and E. Camarena.  Plaintiff was then taken to a holding cell where he was made to sit for approximately six hours and was not promptly decontaminated; as a result, he suffered burning from the pepper spray.  Correctional Officer O. Reynoso, who was at the control booth, and C/O T. Sheets both failed to activate a crisis response team when they saw the other C/Os using excessive force against plaintiff.  Sgt. Nillsson, who ordered the cell search, also failed to order the C/Os to stop their excessive use of pepper spray, and, through lack of training and supervision, failed to ensure plaintiff's receipt of prompt medical attention and pepper spray decontamination.

Following the search, Captain G. Ponder, of the classification committee, acted in retaliation for plaintiff's having filed administrative grievances, and held plaintiff in administrative segregation for sixty days pending an investigation with respect to plaintiff's participation in a conspiracy to introduce a controlled substance into the prison.  Thereafter, plaintiff was charged with a serious rules violation for participating in such a conspiracy.  Plaintiff requested an investigative employee to assist him with his defense to the charge.  On July 22, 2006, R. Basso, an investigative employee, arrived to interview plaintiff, but plaintiff refused, telling Basso he had postponed his disciplinary hearing pending the results of the

---

[2] Since the Court issued its September 28, 2012 Order, Clerk's office staff has been unable to locate a copy of the October 6 SAC.  Counsel for Defendants in Case No. C 08-1495 MMC (PR) has also informed Clerk's office staff that he has been unable to locate a copy of the October 6 SAC.

3

referral of charges against plaintiff to the District Attorney. Basso, in retaliation for plaintiff's assertion of his right to postpone his hearing and prepare a defense, ignored plaintiff's directions and proceeded to interview witnesses and prepare an investigative report.

On December 2, 2006, plaintiff attended a hearing on the rules violation. Plaintiff informed the Senior Hearing Officer Lt. E. Moore that plaintiff would not proceed with the hearing because he objected to the use of the information in Basso's investigative report and he was still waiting for other evidence and to talk to witnesses. When plaintiff attempted to leave the hearing, Moore told plaintiff that if plaintiff didn't sit down he'd be pepper sprayed. At that point, plaintiff asked to return to his cell to get his legal papers. After being granted permission to do so, plaintiff returned to his cell and refused to leave. Moore found plaintiff guilty, in absentia, of possession of a controlled substance.

After plaintiff was found guilty, Captain Ponder, again acting in retaliation for plaintiff's having filed administrative grievances against prison officials, made the decision to hold plaintiff in administrative segregation. Additionally, Captain Ponder recommended that plaintiff be moved to the D-yard where, on November 25, 2007, plaintiff was cut on his upper back by another inmate.

2. Sufficiency of Allegations

When plaintiff's allegations are liberally construed, the following cognizable claims for relief are stated against the named defendants: the use of excessive force and deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment; retaliation in violation of the First Amendment; the denial of due process at plaintiff's disciplinary hearing in violation of the Fourteenth Amendment.

(June 16, 2009 Order of Service in Case No. C 08-1495 MMC (PR) at 2-3 (footnote added).) Judge Chesney then ordered service on all named Defendants in the FAC.

**II.     Misjoinder of Claims in Case No. C 08-1495 MMC (PR)**

On February 12, 2012, the served Defendants in Case No. C 08-1495 MMC (PR) filed a motion to dismiss the FAC on the ground plaintiff has failed to properly join claims and defendants under Federal Rules of Civil Procedure 18(a) and 20(a). Plaintiff opposed the motion, and Defendants filed a reply to the opposition. As mentioned above, in an Order dated August 6, 2010 in Case No. C 08-1495 MMC (PR), Judge Chesney granted Defendants' motion to dismiss the claims as improperly joined because they involved separate groups of defendants and arose from two distinct events -- the June 11, 2006 cell search and the December 2, 2006 disciplinary hearing.

The following is a more specific background section relating to the claims in the FAC as taken from Judge Chesney's August 6, 2010 Order in Case No. C 08-1495 MMC (PR):

Plaintiff raises several claims related to a search of plaintiff's cell on June 11, 2006. Specifically, plaintiff alleges: (1) defendant Nilsson retaliated against plaintiff on

4

> June 11, 2006, when Nilsson ordered a search of plaintiff's cell and that plaintiff be forcibly extracted from his cell; (2) defendants Camarena, Nilsson, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson and Wolff used excessive force against plaintiff on June 11, 2006, when they pepper sprayed and forcibly removed plaintiff from his cell; (3) after plaintiff was pepper sprayed, defendants Camarena, Nilsson, R. Reynoso, Rodriguez, Stevenson and Wolff placed plaintiff in a holding cell for approximately six hours without proper decontamination or medical attention; and (4) following the search of plaintiff's cell, defendant Ponder retaliated against plaintiff on June 12, 2006, by holding plaintiff in administrative segregation.
>
> Based on the above allegations, the Court found that plaintiff stated cognizable claims for the use of excessive force and deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment, and for retaliation, in violation of the First Amendment.

(Aug. 6, 2010 Order in Case No. C 08-1495 MMC (PR) at 2-3 (footnote omitted).)

As mentioned above, Judge Chesney granted the motion to dismiss upon concluding that the aforementioned claims related to the June 11, 2006 Cell Search and Extraction were improperly joined with the claims arising from the December 2, 2006 disciplinary hearing. Plaintiff was granted leave to file a second amended complaint that cured the noted pleading deficiencies. Judge Chesney specifically included the following instruction:

> In particular, plaintiff may file either (1) a complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a complaint that brings one or more claims against multiple defendants, but only if those defendants can be properly joined under Rule 20(a)(2). Plaintiff may, if he so chooses, file a new and separate action raising the claims that he does not include in the instant action.

(*Id.* at 5.) Again, as mentioned above, Plaintiff decided to file two different SACs -- an October 5 SAC and an October 6 SAC. Each with difference claims. However, the October 6 SAC -- containing the claims related to the June 11, 2006 Cell Search and Extraction -- was never filed in this action.

Because a copy of the October 6 SAC is unavailable, the Court screens the FAC in Case No. C 08-1495 MMC (PR) -- which will be filed in the present case -- and finds the same cognizable claims as Judge Chesney did in her original service order in Case No. C 08-1495 MMC (PR). All claims arising from the December 2, 2006 disciplinary hearing that are contained in the FAC are DISMISSED WITH PREJUDICE because they have been resolved in Case No. C 08-1495 MMC (PR).

### III. Cognizable Claims From FAC Filed in the Present Case

Accordingly, this Court finds that the claims related to the June 11, 2006 Cell Search and

5

Extraction in the FAC state the following cognizable claims:

(1) retaliation claim against Defendant Nilsson for ordering the June 11, 2006 search of Plaintiff's cell and directing that Plaintiff be forcibly extracted from his cell;

(2) excessive force claim against Defendants Camarena, Nilsson, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson, and Woolf for pepper spraying Plaintiff on June 11, 2006 and forcibly removing Plaintiff from his cell;

(3) claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Camarena, Nilsson, R. Reynoso, Rodriguez, Stevenson, and Woolf stemming from their actions after the aforementioned June 11, 2006 cell extraction when they placed Plaintiff in a holding cell for approximately six hours without proper decontamination or medical attention; and

(4) retaliation claim against Defendant Ponder for holding Plaintiff in administrative segregation following the search of Plaintiff's cell on June 12, 2006.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall file in the present case the FAC received in Case No. C 08-1495 MMC (PR) on December 23, 2008, captioned *Struggs v. Ponder, et al.* and labeled, "Amended Complaint" (Docket No. 16 in Case No. C 08-1495 MMC (PR)).  For purposes of clarity, the Clerk shall include "First" to the title of said complaint, which should now state "First Amended Complaint."  The Clerk shall also mark the FAC as filed on October 6, 2010, the date the present case was opened.

2. Plaintiff states two separate cognizable First Amendment retaliation claims, one against Defendant Nilsson and the other against Defendant Ponder.

3. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force against Defendants Camarena, Nilsson, O. Reynoso, R. Reynoso, Rodriguez, Sheets, Stevenson, and Woolf.

4. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Camarena, Nilsson, R. Reynoso, Rodriguez, Stevenson, and Woolf.

5. All claims in the FAC arising from the December 2, 2006 disciplinary hearing that are contained in the FAC are DISMISSED with prejudice because they have been resolved in Case No. C 08-1495 MMC (PR). And all other remaining claims in the FAC unrelated to the June 11, 2006 Cell Search and Extraction are DISMISSED without prejudice.

6. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the FAC and all attachments thereto (Docket No. 16 in Case No. C 08-1495 MMC (PR)), a copy of the Court's September 28, 2012 Order in the present case, and a copy of this Order to: **Defendants SVSP Lieutenant J. Stevenson; SVSP Sergeant Nilsson; SVSP Captain G. Ponder[3]; and SVSP Correctional Officers T. Sheets, J. Rodriquez, O. Reynoso, R. Reynoso, T. Woolf, and E. Camarena.** The Clerk of the Court shall also mail copies of the FAC, the Court's September 28, 2012 Order, and this Order to: the State Attorney General's Office in San Francisco; Defendant Ponder's attorney, Giam Minh Nguyen, Esq.; and Plaintiff.

7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after

---

[3] Defendant Ponder is the only Defendant against whom Plaintiff has filed claims in connection with both the December 2, 2006 disciplinary hearing as well as the June 11, 2006 Cell Search and Extraction. As mentioned above, Defendant Ponder, who is represented by the State Attorney General's Office, was originally served pursuant to Judge Wilken's service order in the present case. However, as the Court has previously found, Defendant Ponder was incorrectly served with a copy of the October 5 SAC instead of the October 6 SAC. Therefore, the Court directs the Clerk to re-issue the summons to Defendant Ponder, as directed above.

the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

8. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[4] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  *Wyatt*, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

       d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.     The motion shall be deemed submitted as of the date the reply brief is due.

1  No hearing will be held on the motion unless the Court so orders at a later date.

2        9.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

      10.    All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel, including Defendant Ponder's counsel, Attorney Nguyen.

      11.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

      12.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    IT IS SO ORDERED.

DATED: June 4, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**